*581 OPINION.
TRttssell:
The sole question for decision in this case is the amount of additional deduction, if any, which is properly allowable in 1919 by way of allowance for obsolescence of the brewery plant assets of *582 the petitioner. The parties are in agreement as to the aggregate remaining cost after deducting prior depreciation of the assets. The petitioner contends that a further allowance should be deducted from the cost which remains at the end of 1919 after deducting the depreciation and the obsolescence which the respondent has allowed. The assets under consideration are classified as “ Plant Buildings ” and “Machinery, Piping & Shafting, and Vats.” Included in these classifications are assets which are not the subject of claims for obsolescence and with respect to them the petitioner accepts the amount of the deductions for exhaustion, wear and tear allowed by the respondent. The deductions allowed by the respondent attributable to assets which are the subject of a claim for obsolescence are in part computed as depreciation as though the assets had been suddenly abandoned during the year; the deductions allowed are the aggregate of depreciation and of obsolescence. The respondent now admits that this method is in error and contends that, whatever amount of obsolescence is determined, upon, it should be deductible ratably over the period from January 31, 1918, to January 1C, 1920, for the reason that the obsolescence is attributable to national prohibition, and was progressive over that period. Cf. Manhattan Brewing Co., 6 B. T. A. 952. We agree with the respondent in this. There is no basis for the allowance of sudden obsoleteness in the taxable year.
The situation of the petitioner is to be distinguished in that for some years a near beer, ginger ale, and bottled table water business had been conducted in parallel with the business of producing and selling alcoholic beer and ale.
The processes of manufacture were dissimilar and the plant of the petitioner may fairly be described as comprehending, at least in part, two separate plants which, however, jointly used a part of the equipment. The soft drink business, of course, continued in usefulness but the beer and ale brewery became no longer useful under national prohibition, and we are satisfied that it was practically valueless. The prior experience of the petitioner in the soft drink field was particularly valuable, for it enabled what we believe must have been a fairly accurate forecast of reasonable expectations from the soft drink business and the expensive fruitless period of experimentation, through which so many breweries filed their devious way, was avoided. The petitioner excepts from its claim for obsolescence the assets continued in use in the soft drink business; the remaining cost reasonably assignable to them is substantial. The claim for obsolescence appears reasonable and moderate. We find in the instant case points of similarity with that of Konrad Schreier Co., 9 B. T. A. 407, wherein we determined allowances for obso *583 lescence of buildings and equipment and held that the amount was allowable on a pro rata time basis over the period from January 31, 1918, to January 16, 1920. We are of the opinion in the instant case that the allowances for obsolescence properly assignable to 1919 amount to at least $30,152.23 for the buildings and to at least $20,516.47 for the machinery, piping and shafting, and vats. Adding thereto the amounts of deductions allowed by the respondent for exhaustion, wear and tear of the assets not the subject of obsolescence, and in which the petitioner concurs, and deducting the amounts of the total allowances made by the respondent in determining the deficiency, we conclude that the jietitioner ⅛ entitled to additional allowances in 1919 for obsolescence amounting for the buildings to $13,078 and for the machinery, etc., to $3,220.90.

Judgment will ~be entered 'pursuant to Rule 50.